UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | |
| TERRILL D. BEEBE, | C18-78 TSZ |
| Defendant, | ORDER |
| v. | |
| VANGUARD FIDUCIARY TRUST COMPANY, INC., | |
| Garnishee. | |

THIS MATTER comes before the Court on Defendant/Judgment Debtor Terrill D.

Beebe's *pro se* Request for Hearing, docket no. 7, on the Writ of Continuing

Garnishment issued against Vanguard Fiduciary Trust Company, Inc., docket no. 3.  For

the reasons stated herein, Mr. Beebe's request for hearing is DENIED.

**Background**

On December 7, 1998, judgment was entered against Mr. Beebe in the United

States District Court for the Western District of Washington in Seattle.  *United States v.*

ORDER - 1

1 *Terrill D. Beebe*, No. 2:98-CV-0527, docket no. 14.[1]  The judgment awarded

2 $7,111,699.92 in Criminal Restitution and a $100 Special Assessment.  *Id.*  As of

3 December 6, 2017, a balance of $7,105,263.84 remains.  Writ of Continuing

4 Garnishment, docket no. 3.

5      On December 8, 2017, the Government filed an Application for Writ of

6 Garnishment pursuant to 28 U.S.C. § 3205(b)(1), docket no. 1.  The Court issued the Writ

7 of Garnishment on December 12, 2017, docket no 3, and that same day the Government

8 served on Mr. Beebe via first class mail a copy of the application, writ, notice of

9 garnishment, and instructions to the judgment debtor.  *See* docket nos. 4, 5.  On

10 January 16, 2018, Mr. Beebe filed a Request for Hearing Form, docket no. 7, raising two

11 contentions.  First, Mr. Beebe asserts that the property the Government is taking is

12 exempt.  Mr. Beebe did not attach a Claim for Exemption Form with his request for

13 hearing or otherwise identify an exemption that applies to this case.  Second, Mr. Beebe

14 asserts that the Government failed to comply with the statutory requirement for issuance

15 of the writ because it "has not proven that Vanguard's policies/procedures mandate

16 following the writ of garnishment[.]"

17 **Discussion**

18      The Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3001

19 et seq., provides "the exclusive civil procedures" for the United States to obtain

20 satisfaction of a judgment in a criminal proceeding that imposes a fine assessment,

21

22 [1] A copy of the judgment is attached as Exhibit 1 to the Declaration of Dawn Fernandez in Support of Application for a Writ of Garnishment, docket no. 1-1, case no. 2:17-mc-00167-RSL.

23

ORDER - 2

penalty or restitution in favor of the United States.  *See* 28 U.S.C. § 3001(a); *see also*

*United States v. Duran*, 701 F.3d 912, 915 (11th Cir. 2012).  The FDCPA provides the

United States with several mechanisms to satisfy a judgment, one of which is a writ of

garnishment.  28 U.S.C. §§ 3202, 3205.  Pursuant to § 3205, a "court may issue a writ of

garnishment against property (including nonexempt disposable earnings) in which the

debtor has a substantial nonexempt interest and which is in the possession, custody, or

control of a person other than the debtor, in order to satisfy the judgment against the

debtor."  28 U.S.C. § 3205(a).

Upon commencement of an action to recover property under the FDCPA, the

Government must prepare, and the clerk of court must issue, notice to the judgment

debtor following substantially the form set forth in 28 U.S.C. § 3202(b).  28 U.S.C.

§ 3202(b); *see also United States v. Tripodis*, No. 1:01-cr-109-WSD, 2016 WL 5389142,

at *2 (N.D. Ga. Sept. 27, 2016) (quoting *United States v. Peters*, 783 F.3d 1361, 1363

(11th Cir. 2015)).  The Government must then serve the judgment debtor with the notice,

the writ issued by the Court, and the Government's application therefor, together with

instructions for objecting to the garnishee's answer and for obtaining a hearing.

28 U.S.C. §§ 3202(c), 3205(c)(3).

Thereafter, the judgment debtor has two opportunities to object and obtain a

hearing.  The judgment debtor (1) may move to quash the writ by requesting a hearing

within 20 days of receiving the notice required by § 3202(b), 28 U.S.C. § 3202(d); or (2)

may object to the garnishee's answer and request a hearing thereon within 20 days of

receipt of the garnishee's answer, 28 U.S.C. § 3205(c)(5).  "Although the [FDCPA] states

that the court 'shall hold a hearing' at the debtor's request, courts have denied a hearing where the debtor did not object based on one of the issues specified in 28 U.S.C. § 3202(d), where the objection is plainly without merit, or where the objection was simply a matter of statutory interpretation." *United States v. Bruneau*, No. CR–09–8098–1–PCT–FJM (LOA), 2013 WL 6409518, at *3 (D. Ariz. Oct. 23, 2013) (quoting *United States v. Miller*, 588 F. Supp. 2d 789, 797 (W.D. Mich. 2008)); *see also United States v. Marchand*, No. 2:15-mc-3719-MHT-SRW, 2017 WL 2857722, at *2 (M.D. Ala. May 4, 2017) (noting that a "defendant is not entitled to a hearing where he fails to show that the government did not comply with a statutory requirement, or fails to present a colorable claimed exemption").

Here, a hearing is unnecessary for two reasons. First, a hearing is not justified under § 3205(c)(5) because Mr. Beebe has not objected to the garnishee's answer. Second, Mr. Beebe has not identified any colorable claim for exemption that might apply in this case and has otherwise failed to identify any deficiency in the Government's compliance with the statutory requirements. *Tripodis*, 2016 WL 5389142, at *2. Defendant does not raise any of the issues enumerated in 28 U.S.C. § 3202(d) sufficient to warrant a hearing. Likewise, Defendant's statement that the Government "has not proven that Vanguard's policies/procedures mandate following the writ of garnishment" is without merit and inconsistent with the information submitted by Vanguard in answering the Writ of Continuing Garnishment. *See* Form of Answer of the Garnishee, docket no. 6 (detailing the policies and procedures the Government must follow to collect

1  the proceeds from Defendant's Vanguard account).  Thus, Defendant's request for a

2  hearing is denied.

3        IT IS SO ORDERED.

4        Dated this 26th day of January, 2018.

5

6

7        Thomas S. Zilly
          United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23